887 F.2d 1082
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henrietta Brown ROWELL, Defendant-Appellant.
 No. 88-5694.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 21, 1989.
Decided: Sept. 25, 1989.
 
 Christine Witcover Dean, Assistant U.S. Attorney, Thomas Ernest Booth, Robert John Erickson, U.S. Department of Justice, for appellee.
 David K. Stewart (Stewart & Hayes), for appellant.
 Before HARRISON L. WINTER, WIDENER and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Henrietta Brown Rowell appeals her convictions of possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(2); possession with intent to distribute marijuana in violation of 21 U.S.C. Sec. 841(a)(1); interstate travel with intent to promote drug trafficking in violation of 18 U.S.C. Sec. 1952(a)(3) and use of the mails in furtherance of drug trafficking in violation of 21 U.S.C. Sec. 843(b). She claims error by the district court in failing to suppress evidence seized pursuant to a search warrant. It is her contention that probable cause did not exist for the issuance of the warrant. Without this evidence, she contends that there was not sufficient evidence to sustain her convictions.
 
 
 2
 The search warrant was issued upon application of and an affidavit by a United States Postal Inspector. The search warrant authorized a search of an Express Mail package mailed by the appellant from Miami, Florida to the appellant in care of General Delivery, Godwin, North Carolina. Prior to trial there was a suppression hearing before the United States Magistrate, who recommended the admission of the marijuana and cocaine found in the express mail package. In his recommendation the magistrate concluded that there was not probable cause to support the issuance of the warrant but that "police reliance upon the magistrate's determination of probable cause was objectively reasonable and suppression is inappropriate." Both the appellant and the United States filed objections to the magistrate's recommendations. The district court made a de novo determination, and, prior to trial, filed an order dated June 23, 1988, in which the court determined that under the "totality-of-the-circumstances" test established in Illinois v. Gates, 462 U.S. 213 (1983) there was probable cause to support the search warrant and the marijuana and cocaine were admissible as evidence against the appellant.
 
 
 3
 We have carefully studied the record and the briefs and we find that the facts and legal arguments are adequately presented in the briefs and record and the decisional process will not be significantly aided by oral argument. We are persuaded that the district court was correct in its refusal to suppress the evidence obtained in the search of the express mail package mailed by the appellant from Florida to herself in North Carolina, and with this evidence the government's case was sufficiently strong to convict the appellant on the four counts mentioned above.
 
 
 4
 AFFIRMED.